IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| HOLLY LEANNE FRANTZEN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-069-A |
| | § | (NO. 4:16-CR-132-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Holly Leanne Frantzen ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-132-A, styled "United States of America v. Charles Ben Bounds, et al.," the court has concluded that the motion should be dismissed as untimely.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On June 15, 2016, movant was named with others in a one-count second superseding indictment charging her with conspiracy to possess with intent to distribute 50 grams or more of a

mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 286. On July 29, 2016, movant appeared for rearraignment and pleaded guilty without benefit of a plea agreement. CR Doc. 459. Movant signed a factual resume setting forth the penalties she faced, the elements of the offense, and the stipulated facts reflecting that she had committed each of the elements of the offense. CR Doc. 461. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. CR Doc. 1451.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.

Movant's PSR calculated her total offense level to be 35, based on a base offense level of 36 with a two-level enhancement for possession of a firearm and a three-level reduction for acceptance of responsibility. CR Doc. 778, ¶¶ 36-45. Her total offense level combined with a criminal history category of IV produced a guideline range of 235 to 293 months. Id., ¶ 96. The PSR also noted that movant had pending state charges against her. Id., ¶ 97. Movant did not object to the PSR. CR Doc. 1001. The government filed a motion for downward departure based on movant's substantial assistance to the government in its investigation and prosecution of others. CR Doc. 817. The court granted the motion and sentenced movant to a term of imprisonment of 200 months, giving her the benefit of a 35-month reduction below the bottom of the guideline range. CR Doc. 1454 at 13; CR Doc. 997. The court specifically informed movant of her right to appeal and told her that the clerk would file a notice of appeal forthwith if she were to specifically request it. CR Doc. 1454 at 16. The court noted that movant and her attorney had been given a form explaining appeal rights that they were to review and sign once they were satisfied that they understood it. Movant's counsel affirmed that the form had been signed and returned to the court co-ordinator. Id.

Movant did not appeal and her judgment became final on January 6, 2017. United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

II.

Ground of the Motion

Movant asserts one ground in support of her motion, worded as follows: "Failed to properly consult with Frantzen regarding a direct appeal." Doc.[2] 1 at 4.[3] As supporting facts, movant alleges:

> After sentencing, Frantzen stated that she spoke with counsel regarding relief because of the length of time she received. Counsel told her that an appeal would not be in her best interest because she would lose her reduction under Rule 35(b). Counsel also told her that she received a good sentence and no other relief would be available to her. *See attached memorandum*

Id. In her memorandum, movant admits that she knew she had fourteen days in which to file a notice of appeal because the court had so admonished her. Doc. 2 at 1.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The reference is to the ECF page number, rather than the page number on the printed form motion.

4

e

III.

## Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

5

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

6

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

The government notes that movant's motion is untimely. 28 U.S.C. § 2255(f). For purposes of a § 2255 motion, a judgment of conviction becomes final when the time period for filing an appeal expires. See Plascencia, 537 F.3d at 388. Because movant did not appeal, her judgment (signed December 23, 2016) became final January 6, 2017. Her papers are undated, but the envelope in which the motion arrived reflects that it was received in the prison mail room on January 26, 2018. Doc. 1 at 14.

Movant argues that she is entitled to equitable tolling. However, she has not shown the exercise of any diligence. (She simply says she has been pursuing her rights diligently. Doc. 9 at third unnumbered page.) Nor has she shown that any extraordinary circumstance prevented her from timely filing her motion. Holland v. Florida, 560 U.S. 631, 649 (2010).

7

Accordingly, the motion is untimely and the court lacks jurisdiction over it.

Even had the motion been timely filed, movant would not be entitled to relief. The motion is conclusory and fails to overcome the strong presumption that her counsel's conduct was withing the wide range of reasonable professional assistance. Miller, 200 F.3d at 282; Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998). Having first alleged that her counsel did not consult with her for more than two minutes after sentencing, Doc. 2 at second unnumbered page, movant now alleges that counsel failed to provide her "full information." Doc. 9 at third unnumbered page. She does not dispute the statements made in the affidavit of her attorney or that she signed the waiver of appeal attached thereto. Doc. 8.

V.

Order

The court ORDERS that movant's motion under 28 U.S.C. § 2255 be, and is hereby, dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 26, 2018.

_____
JOHN McBRYDE
United States District Judge